UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN LESTER and
AMANDA LESTER,

            Plaintiffs,

v.                                         Case No. 15-9081-JWL

GREAT WOLF LODGE OF
KANSAS CITY, LLC,

            Defendant.

## ORDER

In this diversity case, the plaintiffs, Justin Lester and Amanda Lester, assert a simple negligence claim against the defendant, Great Wolf Lodge of Kansas City, LLC. More specifically, plaintiffs allege they were injured by falling PVC pipe in the indoor water park facility that's part of defendant's hotel. On September 16, 2016, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a hearing on defendant's motion for a protective order limiting the scope of plaintiffs' second amended Rule 30(b)(6) deposition notice (ECF doc. 96). Plaintiffs appeared through counsel, Joe H. ("Joey") McCutchen, II. Defendant appeared through counsel, John G. Schultz. For the reasons discussed below, defendant's motion is granted.

On September 12, 2016, plaintiffs served a second amended deposition notice on defendant pursuant to Fed. R. Civ. P. 30(b)(6), listing seven topics for examination.[1] Although defendant has no objection to the 30(b)(6) deposition on Topics 1-5, defendant

---

[1] ECF doc. 94.

seeks a protective order relieving it from the obligation to produce a corporate representative to testify on Topics 6 and 7.[2] Topic 6 seeks testimony regarding "[t]he cause(s) and reason(s) for several pieces of PVC pipe falling from the ceiling, striking Justin and Amanda Lester, on July 27, 2013."[3] Topic 7 seeks testimony regarding "[t]he names of any and all employees of Great Wolf Lodge of Kansas City, LLC, including, but not limited to the steel struts which support the water pipes in the indoor water park during the years 2011, 2012, and up to July 27, 2013."[4] As defendant observes, Topic 7, as phrased, is nonsensical, or at least very carelessly drafted. In any event, for purposes of this order, the court interprets Topic 7 to seek testimony regarding "the names of any and all employees of Defendant *having to do with* the steel struts…" as indicated in plaintiffs' response.[5]

Defendant argues that Topics 6 and 7 relate only to liability, and are therefore irrelevant and disproportional to the needs of the case in light of defendant having already conceded liability.[6] Plaintiffs, with nothing more in the way of elucidation in their responsive brief, counter only with two related assertions: (1) that "the manner in which the incident occurred is relevant to the amount of damages sustained," and (2) that "[t]he

---

[2] ECF doc. 96.

[3] ECF doc. 94.

[4] *Id.*

[5] ECF doc. 100.

[6] ECF doc. 102.

2

15-9081-JWL-96.docx

velocity with which the falling pipe struck [p]laintiffs relates to the causation of their injuries and the amount of damages sustained through those injuries."[7]

Under the recently amended version of Fed. R. Civ. P. 26(b)(1), parties are entitled to obtain pretrial discovery regarding any nonprivileged matter provided it's relevant to a party's claim or defense *and* proportional to the needs of the case. It's long been well-established that when the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[8] And conversely, when relevancy is not facially apparent, the party seeking the discovery has the burden to show the relevancy of the information sought.[9]

Under Rule 26(b)(1), whether any particular discovery request is proportional is to be determined by considering the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in

---

[7] ECF doc. 100.

[8] *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684 (D. Kan. 2004).

[9] *Id.*

resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[10]

Given defendant's admission of liability, the relevance of Topics 6 and 7 is not facially apparent.  Therefore it's plaintiffs' burden to demonstrate relevance.  The court is wholly unpersuaded plaintiffs have met this burden.

Even assuming the testimony sought by plaintiffs were marginally relevant, defendant's admission of liability renders the discovery disproportional to the needs of the case.  Applying the six Rule 26(b)(1) factors, although importance-of-the-issues-at-stake and amount-in-controversy aren't really pertinent in this particular personal injury case, the other four factors all weigh against plaintiffs.

Topics 1-5 of plaintiffs' 30(b)(6) notice, to which defendant asserts no objection, should be more than sufficient to allow plaintiffs to develop evidence (to the extent they don't already have it) about the size, shape, and weight of the PVC pipe that struck plaintiffs.  And, while plaintiffs' counsel claimed he was uncertain about this during the recent hearing, the court takes judicial notice of an elementary law of physics that gravity makes objects, big and small alike, fall at *exactly* the same rate.  If velocity of the falling PVC pipe really is relevant (as plaintiffs' brief posits), then regardless of the size, shape, and weight of the pipe, the parties have equal access to high-school physics textbooks (and/or consulting experts) that would allow them a simple mathematical formula to *exactly* calculate the terminal velocity of the pipe.  The minimal expense of making this

---

[10] Fed. R. Civ. P. 26(b)(1).

calculation is such that the parties' resources are essentially equal.  The objected-to discovery sought by plaintiffs appears at best marginally important in determining the nature and extent of plaintiffs' claimed injuries, i.e., armed with information about the size, weight, shape, and terminal velocity of the PVC pipe, coupled with photographs, medical records, and the oral testimony of plaintiffs and other on-the-scene witnesses about the result of being struck by the PVC pipe, it's more than a bit of stretch to suggest that testimony from defendant's 30(b)(6) representative would add anything of value.  So, as a practical matter the burden and expense of the proposed discovery far outweighs its likely benefit.

During the recent hearing, plaintiffs' counsel also suggested his clients were "entitled" to know what caused them to be injured.  The court respectfully disagrees.  The court understands why any individual might like to know for certain why he or she was injured as a result of another's actions.  But that doesn't automatically render relevant the subject of said curiosity.  As earlier indicated, defendant has stipulated to liability in this personal injury case.  The upcoming trial will deal *only* with the nature and extent of plaintiffs' claimed injuries.  Therefore, whether the PVC pipe fell on plaintiffs solely due to defendant's negligence in maintaining its premises, or whether fault or blame might be apportioned among the myriad architects, engineers, and contractors that were involved in constructing the premises, or whether the PVC pipe fell due to nobody's fault at all, no longer is relevant.  Whether defendant's fault is total, partial, or absent, it's still "on the hook" to pay for any damages the jury finds were caused by this occurrence.

5

IT IS THEREFORE ORDERED that defendant's motion for protective order is granted. The deposition of defendant's corporate representative shall proceed at a mutually convenient time on or before October 14, 2016, limited to Topics 1-5.

Dated September 21, 2016, at Kansas City, Kansas.

                                                      s/ James P. O'Hara  
                                                      James P. O'Hara  
                                                      U.S. Magistrate Judge